SAYRE et al. v. BONNEY VEHSLAGE TOOL CO.

(Circuit Court, D. New Jersey. May 24, 1910.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—TICKET PUNCH.

The Cottrell patent, No. 698,820, for a ticket punch, *held* not anticipated, valid, and infringed.

In Equity. Suit by Louis A. Sayre and Howard C. Condit, partners as L. A. Sayre & Co., against the Bonney Vehslage Tool Company. Decree for complainants.

The bill was filed for the infringement of letters patent No. 698,820, issued to L. A. Sayre & Co., dated April 29, 1902, for a ticket punch invented by Herbert Cottrell. The punch was one of the kind known as edge and central ticket perforators, and the fulcrum was between the handle and the punch.

Testimony was taken on both sides and the anticipatory devices claimed were a punch made under the patent to F. P. Becker, No. 572,625, dated December 8, 1896, and also an edge and central perforating punch pivoted at one end, and not in the middle.

Edward Q. and George M. Keasbey, for complainants.
Will C. Headley, for defendant.

CROSS, District Judge. This case as presented requires but brief consideration. The patent upon which the bill of complaints is founded is No. 698,820, dated April 29, 1902. The bill alleges that it is owned by the complainants, has been infringed by the defendant, and prays the usual relief in such cases. The defendant in its answer, while admitting infringement, set up by way of anticipation of the complainants' invention a single patent in the prior art and alleged prior use of the complainants' device by several parties who are specifically named, but did not set forth the times and places of such alleged use. The defendant submitted no proof in support of the defenses just indicated, nor did it cross-examine the complainants' witnesses, but did introduce some evidence from which infringement can be deduced. The patent in suit is for a ticket punch, concerning which the patentee says in his specifications:

"The object of my invention is to produce a combination ticket punch in which the punch and die members have the double function of edge and central ticket perforators, thus combining the operations of two punches in the simple members of a single punch. To do this, I form the punch-carrying member of the ordinary shape for hand-pressure, but having a pivot as a fulcrum for a bifurcated portion, comprising a punch-lever of small radius and a punch-lever of larger radius. I also form the die-carrying member of like shape for hand-pressure, but having a pivot-hole on the central line between two ticket slots and dies, the upper and shorter one being adapted for perforating the edge of tickets and the lower and longer one for perforating the central portion of tickets. These dies correspond with the radius of and articulate with the two punches of the punch member."

It contains a single claim. The complainants' expert, who was the patentee, but has no present interest in the patent, having assigned the same to the complainants before its issue, clearly distinguishes between this patent and the one set up in the answer as an anticipation. It is unnecessary to consider the evidence in detail or to rely wholly upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the expert's testimony, since a superficial comparison of the two devices shows that the patent alleged to be an anticipation is not such in fact, nor was it cited as such by the examiner in the Patent Office. The complainants' invention, although somewhat similar, is nevertheless essentially different, and its utility is clearly manifested by the evidence.

Upon the question of prior use, no evidence whatever was presented. Under the pleadings and evidence, I cannot do otherwise than hold the patent valid and infringed by the defendant.

A decree will accordingly be entered for the complainants, with costs.